Semi-Tropical Land Company, *et al.*, v. The City of Jacksonville.

162 So. 692.

Opinion Filed July 10, 1935.

426

*H. L. Anderson,* for Appellants;

*Austin Miller* and *Gov Hutchinson,* for Appellee.

BUFORD, J.—The appeal is from final decree in municipal tax certificate foreclosure case.

The questions stated as first, second and third are eliminated because they are not applicable to the record.

Question four is as follows:

"Do copies of the assessment roll of the City of Jacksonville certified by the Tax Treasurer of the City, constitute proofs of the assessments in the absence of any evidence excepting the certified copies themselves?"

Under Section 5, Chapter 4872, Acts of 1899, the City Treasurer is the Tax Collector of the City of Jacksonville.

Section 18 of Chapter 4300, Acts of 1893, as amended by Chapter 15, 259, Acts of 1931, is as follows:

"Section 18. If the taxes on any real estate shall not be paid before the first of January next after the tax roll shall have come into the hands of the collector, the collector may, at any time thereafter, make from the assessment roll a separate copy of any assessment thereon remaining unpaid, showing the assessment of any lot, parcel or tract of land as the same then appears upon the city tax assessment roll, which he shall certify to be a true and correct

copy from the city tax assessment roll of the assessment of the lot, parcel or tract of land therein described and deliver the same to the City Attorney or solicitor for collection, which certified copy shall be *prima facie* evidence of the contents of the assessment roll, and of the levies made thereon in all suits to enforce the payment of, or the lien for, such taxes as may appear upon the said copies, and the collector shall, upon the request of the City Attorney or solicitor, make out and deliver to him a copy of any such assessment remaining unpaid upon any delinquent tax roll." * * *

Sc it is the Legislature has declared such certified copies of assessment rolls as are here involved to be *prima facie* evidence of the contents of assessment rolls. Such power rests in the Legislature and it is not made to appear that the power was not lawfully exercised.

Questions 5 and 6 challenge the authority of the Chancellor to enter decree for solicitor's fees in favor of the complainant's solicitors in this case. Section 17 of Chapter 4300, Acts of 1893, reads as follows:

"Sec. 17. The collector of taxes shall have power to issue distress warrants and alias and pluries distress warrant in the name of the State and city to enforce collections of taxes on property and privileges. Such warrants may be executed by the City Marshal, or by any constable or sheriff. Taxes and assessments on realty shall be and remain a lien on the property assessed superior to all other liens or claims until the same shall be paid. Such lien may be enforced as other liens. All unpaid taxes and assessments may be collected by suits in court at law or in equity. The cost of all suits and proceedings for the collection of unpaid taxes and assessments, including reasonable attorney's or solicitor's fees, which shall be paid to the attorney or solicitor

representing the city as his compensation in such suits, shall be recovered and collected by such suits."

Section 19 of the same Act provides:

"Sec. 19. In all suits brought by the city to enforce the payment of moneys claimed to be due it, whether for taxes or assessments, or upon any contract, express or implied, or howsoever the same may be claimed to be due the city, reasonable attorney's or solicitor's fees shall be adjudged, allowed, and paid to the prevailing party, plaintiff or defendant, as compensation for all services necessarily rendered by the attorneys or solicitors in connection with the successful representation of the prevailing party; which fees shall be, as soon as collected, paid over to the attorneys or solicitors of record of the prevailing party as compensation for their services in that connection."

. Cases cited by appellant are mortgage or other contractural lien foreclosure cases where the right to recover attorney's fees is based on a contract of indemnity between the parties. Here the right to a decree for attorney's fees is based on a statute which provides that the prevailing party in a suit instituted for foreclosure of certain tax liens shall have decree for reasonable amount for compensation of solicitor for such party which shall be paid to the solicitor and shall constitute his only compensation for the services rendered in the cause. The provision appears to be valid and we have been cited no authority holding the contrary.

The decree should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and ELLIS, BROWN, BUFORD and DAVIS, J. J., concur.